Robert G. Abrams
Thomas A. Isaacson
Peter A. Barile III
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 783-0800
Fax: (202) 383-6610
abramsr@howrey.com
isaacsont@howrey.com
barilep@howrey.com

Paul Alexander
HOWREY LLP
1950 University Avenue
East Palo Alto, CA 94303
Tel.: (650) 798-3500
Fax: (650) 798-3600
alexanderp@howrey.com

Emily L. Maxwell
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
Tel.: (415) 848-4947
Fax: (415) 848-4999
maxwelle@howrey.com

*Counsel for Plaintiffs Andrea Resnick, et al.*
[Additional counsel on signature page]

Jonathan M. Jacobson
WILSON SONSINI GOODRICH & ROSATI, PC
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Tel.: (212) 999-5800
Fax: (212) 999-5899
jjacobson@wsgr.com
swalsh@wsgr.com

*Counsel for Defendant Netflix, Inc.*

Neal Manne
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
nmanne@susmangodfrey.com

*Counsel for Defendants Wal-Mart Stores, Inc, et al.*
[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| Andrea Resnick et al. v. Walmart.com, et al. (Case No. C 09-0002 PJH)<br>Michael O'Connor v. Walmart.com, et al. (Case No. C 09-0096 PJH)<br>Sarah Endzweig v. Walmart.com, et al. (Case No. C 09-0111 PJH)<br>Christopher Schmitz v. Walmart.com, et al. (Case No. C 09-0116 PJH)<br>Scott Lynch, et al. v. Walmart.com, et al. (Case No. C 09-0138 PJH)<br>Jonathan Groce, et al. v. Netflix, Inc., et al. (Case No. C 09-0139 PJH)<br>Liza Sivek v. Walmart.com, et al. (Case No. C 09-0156 PJH) | **Related Case File No. C 09-0002 PJH**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Date: April 9, 2009**<br>**Time: 1:30 p.m.**<br>**Courtroom 3, 17th Floor**<br><br>**Hon. Phyllis J. Hamilton** |



Dockets.Justia.com

| | |
|---|---|
| Armond Faris v. Netflix, Inc., et al.<br>(Case No. C 09-0180 PJH)<br>Suzanne Slobodin v. Netflix, Inc., et al.<br>(Case No. C 09-0225 PJH)<br>Katherine Anthony, et al. v. Walmart.com, et al.<br>(Case No. C 09-0236 PJH)<br>Melanie Polk-Stamps v. Netflix, Inc., et al.<br>(Case No. C 09-0244 PJH)<br>Richard Sheeler, Jr. v. Walmart.com, et al.<br>(Case No. C 09-0274 PJH)<br>Cathleen Chapman v. Netflix, Inc., et al.<br>(Case No. C 09-0294 PJH)<br>Michael Orozco v. Netflix, Inc., et al.<br>(Case No. C 09-0297 PJH)<br>Linda Landels, et al. v. Netflix, Inc., et al.<br>(Case No. C 09-0340 PJH)<br>Sarah Grime v. Netflix, Inc., et al.<br>(Case No. C 09-0349 PJH)<br>Douglas Meyer v. Walmart.com, et al.<br>(Case No. C 09-0361 PJH)<br>Laura Randall v. Walmart.com, et al.<br>(Case No. C 09-0368 PJH)<br>Frank Hirsch v. Netflix, Inc., et al.<br>(Case No. C 09-0375 PJH)<br>Melanie Miscioscia v. Netflix, Inc., et al.<br>(Case No. C 09-0377 PJH)<br>James Chatelain v. Netflix, Inc., et al.<br>(Case No. C 09-0391 PJH)<br>Patras v. Netflix, Inc., et al.<br>(Case No. C 09-00378 PJH)<br>Weiner v. Walmart.com USA LLC, et al.<br>(Case No. C 09-00398 PJH)<br>Millrood v. Walmart.com USA LLC, et al.<br>(Case No. C 09-00399 PJH)<br>Kober v. Walmart.com USA LLC, et al.<br>(Case No. C 09-00400 PJH)<br>Lacabe v. Walmart.com USA LLC, et al.<br>(Case No. C 09-00402 PJH)<br>Roy v. Netflix, Inc., et al.<br>(Case No. C 09-00434 PJH)<br>Bruno, et al. v. Walmart.com USA LLC, et al.<br>(Case No. C 09-00445 PJH)<br>Zaker v. Netflix, Inc., et al.<br>(Case No. C 09-00447 PJH)<br>Parikh v. Netflix, Inc., et al.<br>(Case No. C 09-00496 PJH)<br>Johnson v. Walmart.com USA LLC, et al.<br>(Case No. C 09-00553 PJH) | |

| Gannon v. Walmart.com USA LLC, et al. (Case No. C 09-00554 PJH) Williams v. Netflix, Inc., et al. (Case No. C 09-00678 PJH) Haddad v. Netflix, Inc., et al. (Case No. C-09-00958 PJH) Wiebe v. Netflix, Inc., et al. (Case No. C-09-01274 PJH) Norem v. Netflix, Inc., et al. (Case No. C-09-00956 PJH) Cornett v. Netflix, Inc., et al. (Case No. C-09-00960 PJH) Macias v. Netflix, Inc., et al. (Case No. C-09-00961 PJH) Randle v. Netflix, Inc., et al. (Case No. C 09-00962-PJH) | |
| --- | --- |

Pursuant to Civil Local Rule 16-9 and the Court's order of February 2, 2009, as well as the Federal Rules of Civil Procedure, Rules 16(b) & 26(f), all Parties to the above-captioned actions hereby submit this Joint Case Management Statement in advance of the April 9, 2009 Case Management Conference.

## 1. JURISDICTION AND SERVICE

### a. Plaintiffs' Statement[1]

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 & 1337 and 15 U.S.C. §§1-2, 15 & 26. There are no personal jurisdiction issues for any of the Defendants. All Defendants have been served with a summons in one or more of the actions, or their respective counsel have stipulated to accept service on their behalf. Counsel for Defendants have agreed to accept service of the Consolidated Amended Complaint on behalf of their clients.

[1] Unless specifically stated to the contrary, any statement of "Plaintiffs" herein represents the agreed statement of all Plaintiffs who have filed cases in the Northern District of California.

**b. Statement of the California Cartwright Act State Court Plaintiffs**

On behalf of the state plaintiffs' counsel, all firms with cases recently removed from Santa Clara County, California by Defendant Walmart.com USA, LLC, [2] (the "Cartwright Act Cases" or "state cases") unanimously recommend that the Court first hear and consider any motions to remand any Cartwright Act Case as soon the Court is able to calendar the remand motion. Plaintiffs in the lead Cartwright Act Case *Norem*, in conjunction with the other state cases, have filed with this Court a motion to remand all the improperly removed Cartwright Act Cases and noticed a hearing for May 13, 2009.

Plaintiffs believe that the motion to remand will be granted, and therefore no motion to consolidate the Cartwright Act Cases with the federal cases should be permitted. The Cartwright Act Plaintiffs do not oppose the consolidation of the numerous non-Cartwright Act federal claims cases, but consolidation of the improperly removed Cartwright Act Cases with the federal claims cases is unnecessary at this time. After conferring with Plaintiffs' counsel in the non-Cartwright Act federal claims cases, the federal claims plaintiffs have stated that they have no interest in consolidating their non-Cartwright Act federal claims cases with the Cartwright Act Cases.

If the remand motion is denied, counsel for the Cartwright Act Cases will provide appropriate recommendations to this Court. Regardless of venue, the state plaintiffs counsel intend to coordinate the prosecution of the Cartwright Act Cases with the federal claims cases, as provided for in the

---

[2] The Cartwright Act Cases are as follows: JAMES NOREM, on behalf of himself and others similarly situated, Plaintiff, v. NETFLIX, INC. and WALMART.COM USA, LLC, Defendants, District Court Case No.CV-09-00956-PJH (Case No. 1-09-CV-133576, Santa Clara Superior Court); OSCAR MACIAS, on behalf of himself and others similarly situated, Plaintiff, v. NETFLIX, INC. and WALMART.COM USA, LLC, Defendants, District Court Case No.CV-09-00961-PJH (Case No. 1-09-CV-133878,Santa Clara Superior Court); JIM CORNETT, on behalf of himself and others similarly situated, Plaintiff, v. NETFLIX, INC. and WALMART.COM USA, LLC, Defendants, District Court Case No. CV-09-00960-PJH (Case No. 1-09-CV-134759, Santa Clara Superior Court); and JESSE RANDLE, on behalf of himself and others similarly situated, Plaintiff, v. NETFLIX, INC. and WALMART.COM USA, LLC, Defendants, District

(Continued...)

*Manual for Complex Litigation*, *Fourth*, § 20.3 (2006) (and as proposed to Defendants prior to removal of the state cases by the Walmart Defendant). Due to the uniqueness of the claims asserted in their complaints, including causes of action under California Business and Professions Code Section 17200 et. seq., the Cartwright Act Plaintiffs would vigorously oppose any attempt to stay their cases either here or in state court were the cases remanded. In all other respects, the Cartwright Act Plaintiffs have no objection to the federal claims plaintiffs' proposal with respect to pretrial issues as set forth in their respective sections of this Joint Statement.

**c. Defendants' Statement**

Defendants agree that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 & 1337 and that this Court has personal jurisdiction over the Defendants. Defendants have been served or have waived service in some, but not all, the related actions. Counsel for Defendants hereby agree to accept service of the Consolidated Amended Complaint on behalf of their clients. With respect to the California Cartwright Act actions that have been removed from state court and are now pending in this Court, a response to the motion to remand will be filed at an appropriate time. Defendants note that the named plaintiffs and each member of the proposed classes in the California Cartwright Act actions is also a member of the proposed classes in the previously filed actions pending in this Court, and that the Cartwright Act claims alleged in the state court actions are identical to the Sherman Act claims alleged in the previously filed actions. Accordingly, regardless of where the Cartwright Act actions are venued, defendants will seek a stay of those actions in deference to the previously filed actions (or, in the alternative, consolidation with the previously filed actions). A number of additional related actions have been filed in state court; if any such actions remain in state court there will be a need to coordinate discovery and other proceedings with those actions.

---

(...Continued)

Court Case No. CV-09-0962-PJH (Case No. 1-09-CV-134921, Santa Clara Superior Court).

**2. FACTS**

**a. Plaintiffs' Statement**

On or about May 19, 2005, Netflix, Wal-Mart Stores, and Walmart.com, a wholly owned subsidiary of Wal-Mart Stores, entered into a *per se* illegal conspiratorial agreement to divide the markets for the sales and online rentals of DVDs in the United States ("Market Division Agreement"), with the purpose and effect of monopolizing and unreasonably restraining trade in the Online DVD Rental Market in the United States in violation of Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C., §§ 1-2. The agreement is illegal even if analyzed under some standard other than *per se* illegality, such as the rule of reason.

The meetings that led to the illegal conspiracy began as early as January 2005, when Reed Hastings, the CEO of Netflix, called John Fleming, then the CEO of Walmart.com, to invite him to dinner to discuss the online DVD rental and DVD sales markets. At the time (and to this day), Wal-Mart and Netflix were far and away the dominant leaders in the markets for DVD sales and online rentals, respectively, with Wal-Mart controlling about 40% of all DVD sales in the U.S. and Netflix having about a 75% market share of online DVD rentals in the U.S. Fleming, who reported directly to Wal-Mart Stores' CEO Lee Scott, accepted Hastings' invitation; the two thereafter met and, as a result of the meetings and exchanges that followed, Defendants entered into the alleged illegal conspiracy to divide the markets for the sales of DVDs and online rentals of DVDs.

At the time of their initial meeting and prior to entering into the Market Division Agreement, Netflix and Walmart.com were direct competitors in renting DVDs online, and all three Defendants were potential competitors in selling new DVDs to consumers. Under the Market Division Agreement, however, Netflix, Wal-Mart Stores, and Walmart.com agreed that Walmart.com would stop competing with Netflix in the online rental market. Netflix agreed that it would not sell new DVDs, as it was well-positioned and otherwise had the unilateral economic incentive to do, but instead would promote the DVD sales of Wal-Mart Stores and Walmart.com. Since entering into the Market Division Agreement, neither Wal-Mart Stores nor Walmart.com has rented DVDs online and Netflix has not sold new DVDs. As a result of the Market Division Agreement among competitors, Netflix was able to charge higher prices for its DVD rental subscriptions and, in fact, did so. The Market Division

Agreement also served to entrench and enhance Defendants' dominant market positions and otherwise cause harm to competition, including enabling Netflix to charge higher subscription prices for online DVD rentals than it would have had they not entered into the agreement. Plaintiffs and all other similarly situated consumers in fact paid higher subscription prices to Netflix.

This case is brought as a class action on behalf of all consumers in the United States who, during the period May 19, 2005 to the present, paid a subscription fee to rent DVDs from Netflix. Plaintiffs bring this action on behalf of themselves and other similarly situated consumers nationwide under Sections 4 and 16 of the Clayton Antitrust Act. Plaintiffs seek redress in the form of treble damages and other relief for their injuries resulting from Defendants' violations of law and seek a declaration that the Market Division Agreement is null and void.

**b. Defendants' Statement**

The May 2005 agreement between Netflix and Walmart.com that plaintiffs have labeled a "*per se* illegal conspiratorial" agreement or "Market Division Agreement" was, in fact, a perfectly legal joint promotion agreement relating to online DVD rentals. The joint promotion agreement was lawful, not "*per se* illegal"; it was publicly announced and widely reported in the popular press, not "conspiratorial"; and it involved only a failed Walmart.com DVD rental business venture that had well less than 1% of online DVD rental subscribers, not the "division" of markets for DVD rentals and DVD sales alleged by Plaintiffs' complaints. In short, Defendants believe that Plaintiffs' case is grounded on fundamentally false factual premises, and, accordingly, have proposed a schedule under which the core issue of whether the joint promotion agreement may be considered a *per se* illegal "Market Division Agreement" would be determined through an early summary judgment motion after an early period of fact discovery in which Plaintiffs would be afforded a fair opportunity to test their theory that Wal-Mart and Netflix unlawfully conspired to divide the markets for online DVD rentals and DVD sales.

In May 2005, Netflix and Walmart.com entered into a joint promotion agreement relating to online DVD rentals. At the time, Walmart.com had fewer than 150,000 online DVD rental subscribers, a share of well less than 1% even under the relevant market alleged by Plaintiffs (which, Defendants believe, is far too narrow as it does not adequately account for competition from other

sources). Netflix had built an online DVD rental business with a rapidly growing base of several million subscribers, and faced intense competition from its leading competitor Blockbuster (the leading "brick and mortar" DVD rental company and a recent entrant in online DVD rentals) and others, as well as potential competition from Amazon.com and other online DVD rental entrants. Based on the extremely limited success and future prospects for its online DVD rental business, and recognizing that its resources could be better deployed elsewhere, Walmart.com decided to discontinue that business, and held discussions with Netflix about how best to transition its customers to Netflix when it did so. Those discussions ultimately led to the joint promotion agreement, under which Walmart.com agreed to refer its existing online DVD rental customers to Netflix.

Contrary to Plaintiffs' allegation that the joint promotion agreement was "conspiratorial," the joint promotion agreement was publicly announced through a joint press release and was reported in numerous publications. The Federal Trade Commission was aware of the agreement, and pursued no action. For more than three and a half years, no one claimed that there was anything wrong with the joint promotion agreement, let alone that it somehow constituted a *per se* violation of the antitrust laws. Nonetheless, earlier this year, the *Resnick* complaint was filed in this Court, alleging that the joint promotion agreement was in fact a "market division agreement" whereby Walmart.com and Netflix had agreed to allocate the markets for online DVD rentals and DVD sales, and that this alleged "market division agreement" was illegal *per se*. The *Resnick* action spawned more than fifty virtually identical complaints in courts throughout the country, each brought on behalf of a putative class of online DVD rental subscribers.

Plaintiffs' core allegation is that Netflix and Walmart.com agreed to a *per se* illegal market division agreement, pursuant to which Walmart.com agreed to exit the market for online DVD rentals while Netflix agreed to exit the market for DVD sales. On their face, Plaintiffs' antitrust claims hinge on the existence of that market division agreement. Unfortunately for Plaintiffs, however, the alleged agreement did not exist. The published news stories that serve as the basis for Plaintiffs' claims contain no reference to it. In fact, there is no agreement restricting Netflix's ability to launch a DVD sales business should it choose to do so, and nothing in the joint promotion agreement between Netflix and Walmart.com restricts Walmart.com's ability to re-enter the online DVD rental business should it

choose to do so. Rather, the joint promotion agreement is a perfectly lawful and uncontroversial transaction that was entered into for legitimate business reasons and that benefitted consumers by providing Walmart.com's small number of online DVD rental subscribers a smooth mechanism for transitioning to Netflix, if they wanted to do so, as Walmart.com chose to exit the market.

The joint promotion agreement provided significant benefits to customers and eliminated no competition that would otherwise have existed. Walmart.com's presence in online DVD rentals provided no constraint on Netflix pricing. That pricing, instead, was constrained by pay-per-view and digital video recordings via cable and satellite, online video-on-demand, sales of new and used DVDs, Blockbuster Online, the threat of entry from Amazon.com, and numerous other factors. The joint promotion agreement provided benefits to Walmart.com DVD rental subscribers by providing them with a replacement service provider in the wake of Walmart.com's prior decision to depart from this segment of the business.

For those and other reasons, Defendants contend that Plaintiffs antitrust claims are without merit.

**3. LEGAL ISSUES**

**a. Plaintiffs' Statement**

Plaintiffs believe that the primary legal issues include, but are not limited to, the following:

i. Whether Defendants' alleged contract, combination, and conspiracy violated Section 1 of the Sherman Act, 15 U.S.C. § 1;

ii. Whether the alleged contract, combination, and conspiracy violated Section 2 of the Sherman Act, 15 U.S.C. § 2; and

iii. Whether the action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**b. Defendants' Statement**

In addition to those legal issues indicated above, Defendants believe that these additional legal issues will be primary:

i. Whether Plaintiffs have stated a claim for which relief can be granted for violation of sections 1 or 2 of the Sherman Act, 15 U.S.C. §§ 1, 2;

ii. Whether the relevant markets alleged in the complaints are the proper markets for assessing Plaintiffs' antitrust claims under sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2;

iii. Whether there is any basis for Plaintiffs' claim that Netflix, on the one hand, and Walmart.com and Wal-Mart Stores, on the other, entered into a *per se* illegal market division agreement whereby Walmart.com agreed to exit the online DVD rental business in exchange for an agreement by Netflix not to enter the DVD sales business;

iv. Whether the joint promotion agreement may be found unlawful under the rule of reason governing Plaintiffs' antitrust claims, in light of the fact that it affected less than 1% of even the unduly narrow relevant market alleged by Plaintiffs, in light of Walmart.com's independent and legitimate reasons for choosing to discontinue its online DVD rental business, in light of the absence of any prior competitive constraint from the Walmart.com DVD online rental business on the pricing of DVD rentals, and in light of the procompetitive benefits of the agreement to Walmart.com online DVD rental subscribers;

v. Whether Plaintiffs can show that the joint promotion agreement had any effect on prices or competition in online DVD sales and can demonstrate any such effect on a class-wide basis.

**4. MOTIONS**

**a. Joint Statement**

There have been several related case motions and stipulations to extend the time in which Defendants may answer or otherwise respond to the various related complaints, all of which have been granted in this Court. Aside from the motion to remand in the California Cartwright Act actions noted above, there are no pending motions in this Court, although there is a proceeding pending before the Judicial Panel on Multidistrict Litigation as set forth in Item 14, below.

Plaintiffs intend to file a motion for class certification. The proposed timing for filing a motion for class certification is set forth in (a) Plaintiffs' Proposed Schedule submitted herewith as Exhibit A and (b) Defendants' Proposed Schedule submitted herewith as Exhibit B.

**b. Defendants' additional statement**

In a related case in another jurisdiction, Defendants filed one motion to extend time to answer or otherwise respond which was granted in part and denied in part. *Hotard v. Netflix, Inc.,* CV-09-1938 (E.D. La.)(Dkt. No. 13). The Eastern District of Louisiana granted Defendants a 60-day extension of time to answer or otherwise respond.

## 5. AMENDMENT OF PLEADINGS

**a. Plaintiffs' Statement**

Plaintiffs intend to file a Consolidated Amended Complaint.

**b. Defendants' Statement**

Defendants will determine how to respond to Plaintiffs' Consolidated Amended Complaint once it is filed; Plaintiffs have stipulated that Defendants may defer their response until after the Consolidated Amended Complaint is filed.

## 6. EVIDENCE PRESERVATION

**a. Plaintiffs' Statement**

Plaintiffs' counsel have notified their clients of their preservation obligations under law. As Plaintiffs are individual consumers whose most relevant records are maintained by one or more Defendants, it is Defendants' preservation efforts that are of paramount importance. To effectuate the preservation of all documents that could be reasonably calculated to lead to the discovery of admissible evidence in the actions, Plaintiffs intend to negotiate a proposed preservation order with Defendants for submission to the Court.

**b. Defendants' Statement**

Defendants have instituted litigation holds in order to preserve documents related to the litigation or reasonably calculated to lead to the discovery of admissible evidence. Defendants

respectfully suggest that plaintiffs have not shown any cause for believing that any party to this case will refuse to honor its document retention obligations and believe, therefore, that there is no need to supplement those obligations with a document preservation order.

## 7. DISCLOSURES

### a. Plaintiffs' Statement

The parties have not yet exchanged initial disclosures under Fed. R. Civ. P. 26. Plaintiffs' proposed timing for the exchange of such disclosures is set forth in Exhibit A.

### b. Defendants' Statement

The parties have not yet exchanged initial disclosures under Federal Rule of Civil Procedure 26, and propose that the Court adopt the timing for the exchange of such disclosures set forth in the attached Exhibit B.

## 8. DISCOVERY

### a. Plaintiffs' Statement

In accordance with the Court's Order of February 2, 2009, the parties held Rule 26(f) conferences on March 18, 2009 and March 20, 2009. There has been no discovery taken to date. As reflected in Exhibit A, Plaintiffs have proposed dates for fact and expert discovery in this matter. Discovery of the proposed class representatives should be minimal, while discovery of the corporate Defendants, as well as third parties, may be substantial. Plaintiffs do not believe discovery should be limited, other than as provided for by the Federal Rules of Civil Procedure and the Court's Civil Local Rules, except that 1) each side shall be limited to a total of 45 fact depositions of the Parties, without leave of Court, and 2) that any four depositions of each of the Defendants may be extended to a duration of 14 hours each, without leave of Court.

Plaintiffs do not believe that discovery should be divided in the atypical manner proposed by Defendants. As reflected in Exhibit B, Defendants seek to divide discovery into "class" and "merits" and further subdivide "merits" discovery between the issue of agreement (phase 1) and other remaining issues (phase 2). This multi-tiered discovery scheme would unreasonably protract discovery, including

deposing some witnesses twice, and substantially delay the ultimate disposition of this case. There is no bright line distinction between issues of class certification, the existence of the agreement and the impact/damages from the agreement. For example, as shown by Defendants' Statement, Wal-Mart's allegedly weak competitive position is a key basis for Defendants' theory that Wal-Mart's exit from the market was unilateral and not a result of an agreement with Netflix, which would be an issue in Defendants' first discovery phase. But, Wal-Mart's competitive significance is also a key element on issues of the impact/damages from Wal-Mart's exit, which is the heart of Defendants' second discovery phase.

Defendants also schedule at least two rounds of motions for summary judgment, with a stay of all proceedings pending resolution of the first round of summary judgment motions, which would further delay matters with no concomitant benefit, as Plaintiffs have alleged *per se*, rule of reason, and monopolization theories. Defendants' proposal could add years to the schedule relative to Plaintiffs' proposal. Defendants' request to divide initial disclosures in a corresponding way would compound these problems.

**b. Defendants' Statement**

Plaintiffs have alleged that Defendants entered into a *per se* illegal agreement to divide the markets for online DVD rentals and DVD sales. That allegation presents a threshold issue which Defendants believe can and should be resolved through an initial fact discovery period and an early motion for summary judgment that would proceed in parallel with class certification proceedings. Contrary to plaintiffs' statement, defendants' proposal would not lead to duplicative discovery or substantial delay.

The early summary judgment phase that defendants propose would not, as plaintiffs contend, focus on whether the joint promotion agreement was an agreement, or on Wal-Mart's "weak competitive position"; rather, the initial phase of fact discovery and summary judgment proceedings would focus narrowly on the issue of whether defendants entered into a *per se* illegal "Market Division Agreement" as plaintiffs have alleged, *i.e.*, an agreement whereby Wal-Mart agreed to exit the market for online DVD rentals in exchange for an agreement by Netflix not to compete in the market for DVD sales. Whether that alleged agreement did or did not exist is a narrow and limited question that does

not require the broader consideration of issues such as market definition, competition, or pricing that would be relevant under the rule of reason.

Defendants' proposal also would not lead to duplicative discovery. Under defendants' proposal, plaintiffs would have the opportunity to depose the witnesses who are knowledgeable about the joint promotion agreement during the initial discovery phase; because any additional discovery phase would focus more broadly on issues such as the nature of the markets in which defendants compete, defendants' business decision making with respect to DVD rentals and DVD sales, and defendants' pricing and pricing decisions, and because the depositions during the initial discovery phase would have already covered issues relating to the joint promotion agreement itself, there would be little or no need to again depose those witnesses who are knowledgeable about the joint promotion agreement. Thus, while defendants' proposed early summary judgment motion may eliminate the need for broad and burdensome discovery if it is successful in disposing of plaintiffs' claims, it will not require duplicative discovery.

Accordingly, as set forth in Exhibit B, Defendants have proposed a phased discovery and pre-trial motion schedule under which the case would proceed in the following phases: (1) an initial phase of discovery related to class certification issues and to fact discovery concerning Plaintiffs' allegation of a *per se* illegal market division arrangement; (2) expert discovery and briefing relating to Plaintiffs' motion for class certification and an early motion for summary judgment relating to the alleged *per se* violation; (3) additional fact discovery relating to market definition, competitive effects, damages, and other remaining issues; and (4) expert discovery relating to those remaining issues.

Defendants also believe that plaintiffs' request to take up to forty-five party depositions, an unspecified number of third-party depositions, and up to four two-day depositions, is excessive. Instead, defendants propose that during the initial phase of discovery, each side would be limited to no more than 10 fact depositions. During the additional discovery phase, if the case is not disposed of as a result of the early summary judgment proceedings, each side would be permitted to take an additional 15 depositions, for a total of 25 depositions per side. Either side would be permitted to seek additional depositions for good cause following a meet and confer with the opposing side, which

should take place after the parties have served their initial disclosures. No deposition could exceed the seven hours permitted under Rule 30 absent agreement of the other side or for good cause shown.

Defendants anticipate that issues relating to e-discovery and document production will require significant attention. So that any issues may be identified as soon as possible, Defendants have proposed that requests for production be served at the beginning of the fact discovery periods.

## 9. CLASS ACTIONS

### a. Plaintiffs' Statement

These actions are brought as class actions. In accordance with Civil Local Rule 16-9(b) and without prejudice to extending, revising or amending the following, Plaintiffs state:

1. Plaintiffs bring the actions on their own behalf and as class actions under Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of all members of the proposed Class, defined as:

> Any person in the United States that paid a subscription fee to Netflix to rent DVDs, on or after May 19, 2005 up to the present. Excluded from the Class are government entities, Defendants, their co-conspirators and their representatives, parents, subsidiaries, and affiliates.

2. The Class numbers in the millions, the exact number and identities of the members being known by Defendants.

3. The Class is so numerous and geographically dispersed that joinder of all members is impracticable.

4. There are questions of law and fact common to the Class and the members thereof. These common questions relate to the existence of the conspiracy alleged, and to the type and common pattern of injuries sustained as a result thereof.

5. The questions of law and fact common to members of the Class predominate over any questions affecting only individual members, including the legal and factual issues relating to liability and damages.

6. Plaintiffs are members of the Class. Their claims are typical of the claims of other members of the Class, and they will fairly and adequately protect the interests of the members of the Class. Their interests are aligned with, and not antagonistic to, those of the other members of the Class.

7. Plaintiffs are represented by competent counsel who are experienced in class action antitrust litigation.

8. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class treatment will permit the adjudication of relatively small claims by members of the Class who otherwise could not afford to litigate antitrust claims such as are asserted in this Complaint. This class action presents no difficulties of management that would preclude its maintenance as a class action.

9. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

10. The Plaintiffs' proposed schedule for class certification practice is set forth in Exhibit A.

**b. Defendants' Statement**

Defendants do not admit the legal conclusions as to the propriety of class certification pursuant to Rule 23(a), (b)(2), and (b)(3) contained in Plaintiffs' Statement and expect to litigate these issues at class certification. Defendants' proposed pre-trial schedule, which includes a proposed schedule for class certification briefing, is included in Exhibit B.

## 10. RELATED CASES

**Joint Statement**

All cases filed within the Northern District of California are pending before this Court. A schedule of related cases pending in other jurisdictions is submitted herewith as Exhibit C. There are several cases that have been removed to this Court by Defendants from Santa Clara County Superior

Court, as set forth in Item 1, above. As noted above, there is a proceeding pending before the Judicial Panel on Multidistrict Litigation as set forth in Item 14, below.

## 11. RELIEF

### a. Plaintiffs' Statement

Plaintiffs seek treble damages, attorneys' fees and costs, and injunctive relief for Defendants' violations of law. The precise amount of damages sought and the bases on which such damages will be calculated are not yet known.

### b. Defendants' Statement

Defendants deny that Plaintiffs are entitled to any of the relief sought.

## 12. SETTLEMENT AND ADR

### a. Plaintiffs' Statement

Plaintiffs believe there is a realistic possibility of settling the case and would welcome commencement of a settlement dialogue with any Defendant. Plaintiffs also believe that, at an appropriate time, this case could benefit from ADR. However, it is premature to commence ADR before Plaintiffs have taken at least some discovery.

### b. Defendants' Statement

Defendants believe that discussion of settlement or ADR is premature at this time..

## 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

### a. Plaintiffs' Statement

Plaintiffs do not consent.

### b. Defendants' Statement

Defendants do not consent.

## 14. OTHER REFERENCES

**Joint Statement**

A proceeding is pending before the Judicial Panel on Multidistrict Litigation. The matter has been fully briefed and oral argument was heard on March 26, 2009. All parties agree that the cases from this Court and the other federal district courts should be consolidated and that it is virtually certain that the Panel will order such consolidation.

## 15. NARROWING OF ISSUES

### a. Plaintiffs' Statement

Plaintiffs believe there is no prospect that this case will be resolved on summary judgment, as Plaintiffs will have sufficient evidence to take their case to a jury. There may well be summary dismissal of such affirmative defenses as may be asserted by Defendants. Plaintiffs' proposed dates for the filing of dispositive motions and/or cross motions, oppositions, and replies are set forth in Exhibit A.

### b. Defendants' Statement

Defendants believe that these cases can be adjudicated, or at least substantially narrowed or clarified, through limited fact discovery and an early summary judgment motion relating to the existence of the *per se* illegal market division agreement alleged in the complaint. If, as Defendants maintain, the joint promotion agreement was not a naked restraint of trade but, rather, an arrangement akin to a merger or joint venture associated with procompetitive efficiencies, there would be no basis for the *per se* claim alleged in the complaint. Defendants would then prevail on the merits, or Plaintiffs would be required to pursue a theory of liability under the rule of reason that they have not yet alleged. Resolving that issue through an early summary judgment motion could eliminate the need for extensive fact discovery relating to issues such as market definition, the competitive effects of the alleged agreement, and damages. If Defendants do not prevail on their early summary judgment motion, Defendants would anticipate bringing one or more additional summary judgment motions following the close of discovery.

## 16. EXPEDITED SCHEDULE

**a. Plaintiffs' Statement**

Plaintiffs do not believe that these actions are susceptible to an expedited schedule.

**b. Defendants' Statement**

Defendants do not believe that these actions are susceptible to an expedited schedule.

## 17. SCHEDULING

**a. Plaintiffs' Statement**

Plaintiffs' proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, and a pretrial conference are set forth in Exhibit A.

**b. Defendants' Statement**

Defendants proposed dates are set forth in Exhibit B.

## 18. TRIAL

**a. Plaintiffs' Statement**

Plaintiffs demand trial by jury. Plaintiffs believe they will have sufficient evidence to take their case to a jury. A proposed time for trial is set forth in Exhibit A.

**b. Defendants' Statement**

As set forth in the proposed schedule set forth in Exhibit B, Defendants anticipate that a trial of these cases would require 20 seven-hour trial days.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**a. Plaintiffs' Statement**

Plaintiffs all have filed a "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Plaintiffs hereby restate that other than those persons or entities disclosed by Defendants, there are no other persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject

matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**b. Defendants' Statement**

Defendants have each filed a "Certificate of Interested Entities."

Defendant Netflix, Inc. reiterates that it has no parent corporation, that no publicly held corporation owns more than 10% of its stock, and that, other than the parties, it knows of no other person or entity with an interest in the outcome.

Defendant Wal-Mart Stores, Inc. reiterates that it has no parent corporation, that no publicly held corporation owns more than 10% of its stock, and that, other than the parties, it knows of no other person or entity with an interest in the outcome.

Defendant Walmart.com USA LLC reiterates that it is a wholly-owned subsidiary of Wal-Mart Stores, Inc., that no publicly held corporation owns more than 10% of the stock of Wal-Mart Stores Inc., and that Wal-Mart Stores, Inc. and its wholly owned subsidiaries have an interest in the outcome.

## 20. OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER

**a. Plaintiffs' Statement**

Plaintiffs incorporate by reference Items 8, 12 and 15 above.

**b. Defendants' Statement**

Defendants incorporate by reference Parts 8 and 15 above.

DATED: April 2, 2009

Respectfully Submitted,

Robert G. Abrams
Thomas A. Isaacson
Peter A. Barile III
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 783-0800
Fax: (202) 383-6610

Paul Alexander
HOWREY LLP
1950 University Avenue
East Palo Alto, CA 94303
Tel.: (650) 798-3500
Fax: (650) 798-3600

Emily L. Maxwell
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
Tel.: (415) 848-4947
Fax: (415) 848-4999

BY: s/ Robert G. Abrams

*Counsel for Plaintiffs*

Resnick, et al. v. Walmart.com USA LLC, et al., Case No. 3:09-cv-00002

- *and in the following related cases* -

O'Connor v. Walmart.com USA LLC, et al., Case No. 3:09-cv-00096
Anthony, et al. v. Walmart.com USA LLC, et al., Case No. 3:09-cv-00236
Sheeler, Jr. v. Walmart.com USA LLC, et al., Case No. 3:09-cv-00274
Meyer v. Walmart.com USA LLC, et al., Case No. 3:09-cv-00361
Johnson v. Walmart.com USA LLC, et al., 3:09-cv-00553
Gannon v. Walmart.com USA LLC, et al., Case No. 3:09-cv-00554

*-and attests in accordance with General Order No. 45 X. B. that concurrence in the filing of the document has been obtained from each of the undersigned counsel in all of the above-captioned actions*

**Defendants' Counsel**

Jonathan M. Jacobson
Sara Ciarelli Walsh
WILSON SONSINI GOODRICH & ROSATI, PC
1301 Avenue of the Americas
40th Floor
New York, NY 10019
Tel.: (212) 999-5800
Fax: (212) 999-5899

Keith E. Eggleton
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, Ca 94304-1050
Tel: (650) 493-9300
Fax: (650) 565-5100

Scott Andrew Sher
WILSON SONSINI GOODRICH & ROSATI
1700 K Street, NW, Fifth Floor
Washington, DC 20006
Tel: (202) 973-8800
Fax: (202) 973-8899
*Counsel for Defendant Netflix, Inc.*

Neal Manne
Richard Wolf Hess
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666

Genevieve Vose
SUSMAN GODFREY LLP
1201 Third Ave., Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3836
Fax: (206-516-3883

Stephen E. Morrissey
Kathryn Parsons Hoek
Marc M. Seltzer

SUSMAN GODFREY LLP
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Tel.: 310-789-3100
Fax: 310-789-3150

*Counsel for Defendant Wal-Mart Stores, Inc. and Walmart.com USA LLC*

**Plaintiffs' Counsel in each of the above captioned related cases**

Eugene A. Spector
Jeffrey J. Corrigan
Theodore M. Lieverman
Jay S. Cohen
Jonathan M. Jagher
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel.: (215) 496-0300
Fax: (215) 496-6611

*Counsel for Plaintiffs*

O'Connor v. Walmart.com USA LLC, et al., Case No. C 09-0096 PJH
Sheeler, Jr. v. Walmart.com USA LLC, et al., Case No. C 09-0274 PJH
Meyer v. Walmart.com USA LLC, et al., Case No. C 09-0361 PJH
Johnson v. Walmart.com USA LLC, et al. Case No. C 09-00553 PJH
Gannon v. Walmart.com USA LLC, et al., Case No. 3:09-cv-00554

Natalie Finkelman Bennett
SHEPHERD, FINKELMAN, MILLER, SHAH, LLP
35 East State Street
Media, PA 19063
Tel.: (610) 891-9880
Fax: (610) 891-9883

Gary E. Mason
Donna F. Solen
THE MASON LAW FIRM LLP
1225 19th Street, N.W., Suite 500

Washington, DC 20036
Tel.: (202) 429-2290
Fax: (202) 429-2294

*Counsel for Plaintiff*

O'Connor v. Walmart.com USA LLC, et al., Case No. C 09-0096 PJH

Joseph J. Tabacco, Jr.
Christopher T. Heffelfinger
Todd A. Seaver
BERMAN DEVALERIO
425 California Street, Suite 2100
San Francisco, CA 94104
Tel.: (415) 433-3200
Fax: (415) 433-6382

Manuel J. Dominguez
BERMAN DEVALERIO
4280 Professional Center Drive, Suite 350
Palm Beach Gardens, FL 33410
Tel: (561) 835-9400
Fax: (561) 835-0322

*Counsel for Plaintiffs*

Endzweig v. Walmart.com USA LLC, et al., Case No. C 09-0111 PJH
Lynch, et al. v. Walmart.com USA LLC, et al., Case No. C 09-0138 PJH
Bruno, et al. v. Walmart.com USA LLC, et al. Case No. C 09-00445 PJH

H. Laddie Montague, Jr.
Merrill G. Davidoff
David F. Sorensen
Peter Kohn
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel.: (215) 875-3010
Fax: (215) 875-4604

Vahn Alexander
FARUQI & FARUQI, LLP
1901 Avenue of the Stars, 2nd Floor
Los Angeles, CA 90067
Tel.: (310) 461-1426

Fax: (310) 461-1427

Kendall S. Zylstra
Richard Schwartz
FARUQI & FARUQI, LLP
2600 Philmont Avenue, Suite 324
Huntingdon Valley, PA 19006
Tel.: (215) 914-2460
Fax: (215) 914-2462

*Counsel for Plaintiffs*

Schmitz v. Walmart.com USA LLC, et al., Case No. C 09-0116 PJH
Sivek v. Walmart.com USA LLC, et al., Case No. C 09-0156 PJH

Daniel A. Small
Benjamin D. Brown
Kit Pierson
Christopher Cormier
COHEN MILSTEIN SELLERS & TOLL PPLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Tel.: (202) 838-7797
Fax: (202) 838-7745

*Counsel for Plaintiffs*

Lynch, et al. v. Walmart.com USA LLC, et al., Case No. C 09-0138 PJH

Bryan L. Clobes
Ellen Meriwether
Timothy Fraser
CAFFERTY FAUCHER LLP
1717 Arch Street, Ste., 3610
Philadelphia, PA 19103

Nyran Rose Pearson
CAFFERTY FAUCHER LLP
30 N. LaSalle Street, Suite 3200
Chicago IL 60602

*Counsel for Plaintiffs*

Groce, et al. v. Netflix, Inc., et al., Case No. C 09-0139 PJH

Kevin Bruce Love
Michael E. Criden
CRIDEN & LOVE, P.A.
7301 S.W. 57 h Court, Suite 515
South Miami, FL 33143

*Counsel for Plaintiff*

Faris v. Netflix, Inc., et al., Case No. C 09-0180 PJH

Daniel E. Girard
Elizabeth C. Pritzker
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, CA 94180

*Counsel for Plaintiffs*

Groce, et al. v. Netflix, Inc., et al., Case No. C 09-0139 PJH
Faris v. Netflix, Inc., et al., Case No. C 09-0180 PJH
Polk-Stamps v. Netflix, Inc., et al., Case No. C 09-0244 PJH

Robert C. Schubert
Willem F. Jonckheer
SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Tel.: (415) 788-4220
Fax: (415) 788-0161

*Counsel for Plaintiffs*

Slobodin v. Netflix, Inc., et al., Case No. C 09-0225 PJH
Landels, et al. v. Netflix, Inc., et al., Case No. C 09-0340 PJH
Melanie Miscioscia v. Netflix, Inc., et al., Case No. C 09-0377 PJH
James Chatelain v. Netflix, Inc., et al., Case No. C 09-0391 PJH

Judith L. Spanier
Jill S. Abrams
Natalie Marcus
ABBEY SPANIER RODD & ABRAMS, LLP
212 East 39th Street
New York, New York 10016
Tel.: (212) 889-3700
Fax: (212) 684-5191

Craig H. Blinderman
MREJEN BLINDERMAN, P.L.
701 West Cypress Creek Road, Suite 302
Fort Lauderdale, FL 33309
Tel.: (954) 771-3740
Fax: (954) 771-3047

*Counsel for Plaintiffs*

Anthony, et al. v. Walmart.com USA LLC, et al., Case No. C 09-0236 PJH

Mary Jane Fait
Theodore T. Bell
John E. Tangren
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
55 West Monroe Street, Suite 1111
Chicago, IL 60603

*Counsel for Plaintiffs*

Polk-Stamps v. Netflix, Inc., et al., Case No. C 09-0244 PJH

Lee Albert
Brian Brooks
Jacqueline Sailer
MURRAY, FRANK & SAILER LLP
275 Madison Avenue, Suite 801
New York, New York 10016
Tel.: (212) 682-1818
Fax: (212) 682-1892

*Counsel for Plaintiff*

Sheeler, Jr. v. Walmart.com USA LLC, et al., Case No. C 09-0274 PJH

Michael F. Ram
Erica Craven-Green
LEVY, RAM & OLSON LLP
639 Front Street, 4th Floor
San Francisco, CA 94111
Tel.: (415) 433-4949
Fax: (415) 433-7311

*Counsel for Plaintiff*

Chapman v. Netflix, Inc., et al., Case No. C 09-0294 PJH

Alex C. Turan
MONTURA LAW GROUP
2070 N. Broadway, Suite 5492
Walnut Creek, CA 94596
Tel.: (415) 308-0025
Fax: (925) 256-9615

*Counsel for Plaintiff*

Orozco v. Netflix, Inc., et al., Case No. C 09-0297 PJH

Guy A. Wilson
LAW OFFICES OF GUY A. WILSON
509 Orchard Street
Santa Rosa, CA 95404
Tel.: (707) 525-1277

Roy A. Katriel
THE KATRIEL LAW FIRM
1101 30th Street
Washington, DC 20007
Tel.: (202) 625-4342

*Counsel for Plaintiffs*

Landels, et al. v. Netflix, Inc., et al., Case No. C 09-0340 PJH

Guido Saveri
R. Alexander Saveri
Melissa Shapiro
Cadio Zirpoli
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Tel.: (415) 217-6810
Fax: (415) 217-6813

*Counsel for Plaintiff*

Grime v. Netflix, Inc., et al., Case No. C 09-0349 PJH

Marc H. Edelson
EDELSON & ASSOCIATES, LLC
45 West Court Street
Doylestown, PA 18901
Tel.: (215) 230-8043
Fax: (215) 230-8735

*Counsel for Plaintiff*

Meyer v. Walmart.com USA LLC, et al., Case No. C 09-0361 PJH

Linda P. Nussbaum
KAPLAN, FOX & KILSHEIMER, LLP
850 Third Avenue, 14th Floor
New York, NY 10022
Tel.: (212) 680-1980
Fax: (212) 687-7714

Laurence D. King
Linda M. Fong
KAPLAN, FOX & KILSHEIMER, LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
Tel.: (415) 772-4700
Fax: (415) 772-4707

*Counsel for Plaintiff*

Randall v. Walmart.com USA LLC, et al., Case No. C 09-0368 PJH

Harry Shulman
THE MILLS LAW FIRM
880 Las Gallinas Avenue, Suite 2
San Rafael, CA 94903
Tel.: 415-455-1326
Fax: 415-455-1327

Douglas A. Millen
FREED KANNER LONDON & MILLEN, LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Tel.: (224) 632-4500
Fax.: (224) 632-4521

*Counsel for Plaintiff*

Hirsch v. Netflix, Inc., et al., Case No. C 09-0375 PJH

David Pastor
GILMAN & PASTOR, LLP
63 Atlantic Avenue, Third Floor
Boston, MA 02110
Tel.: (617) 742-9700

Michael F. Germano
LAW OFFICES OF MICHAEL GERMANO, P.C.
63 Atlantic Avenue, Third Floor
Boston, MA 02110
Tel.: (617) 367-5911

*Counsel for Plaintiff*

Melanie Miscioscia v. Netflix, Inc., et al., Case No. C 09-0377 PJH

Mark Warshaw
Jaquelynn Pope
WARSHAW & POPE
934 Hermosa Avenue, Suite 14
Hermosa Beach, CA 90254
Tel.: (310) 379-3410

Edward F. Haber
SHAPIRO HABER & URMY
53 State Street
Boston, MA 02109
Tel.: (617) 439-3939

*Counsel for Plaintiff*

James Chatelain v. Netflix, Inc., et al., Case No. C 09-0391 PJH

Richard M. Volin
Michael McLellan
FINKELSTEIN THOMPSON LLP
1050 30th Street, N.W.
Washington, DC 20007
Tel.: (202) 337-8000
Fax: (202) 337-8090

Rosemary M. Rivas
Mark Punzalan
FINKELSTEIN THOMPSON LLP
100 Bush Street, Suite 1450
San Francisco, CA 94104
Tel.: (415) 398-8700
Fax: (415) 398-8704

Gordon M. Fauth, Jr.
LITIGATION LAW GROUP
1801 Clement Avenue, Suite 101
Alameda, CA 94501

Tel.: (510) 238-9610
Fax: (510) 337-1431

*Counsel for Plaintiff*

Patras v. Netflix, Inc., et al., Case No. C 09-00378 PJH

Anthony J. Bolognese
Joshua H. Grabar
BOLOGNESE & ASSOCIATES, LLC
Two Penn Center
1500 JFK Boulevard, Suite 320
Philadelphia, PA 19102
Tel.: (215) 814-6750
Fax: (215) 814-6764

*Counsel for Plaintiff*

Weiner v. Walmart.com USA LLC, et al., Case No. C 09-00398 PJH

Gerald J. Rodos
Jeffrey B. Gittleman
Julie B. Palley
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19130
Tel.: (215) 963-0600
Fax: (215) 963-0838

Steve R. Basser
BARRACK, RODOS & BACINE
One American Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Tel.: (619) 230-0800
Fax: (619) 230-1874

*Counsel for Plaintiff*

Millrood v. Walmart.com USA LLC, et al. Case No. C 09-00399 PJH

Frank J. Johnson
Francis A. Bottini, Jr.
JOHNSON BOTTINI, LLP
655 West Broadway, Suite 1400
San Diego, CA 92101

Tel.: (619) 230-0063
Fax: (619) 233-5535

*Counsel for Plaintiff*

Kober v. Walmart.com USA LLC, et al. Case No. C 09-00400 PJH

Joseph Saveri
Michele C. Jackson
Eric B. Fastiff
Andrew S. Kingsdale
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, Suite 3000
San Francisco, CA 94111
Tel.: (415) 956-1000
Fax: (415) 956-1008

*Counsel for Plaintiff*

Lacabe v. Walmart.com USA LLC, et al. Case No. C 09-00402 PJH

Bruce L. Simon
Jonathan M. Watkins
PEARSON, SIMON, SOTER, WARSHAW & PENNY, LLP
44 Montgomery Street, Suite 1430
San Francisco, CA 94104
Tel.: (415) 433-9000
Fax: (415) 433-9008

*Counsel for Plaintiff*

Roy v. Netflix, Inc., et al. Case No. C 09-00434 PJH

Mindee J. Reuben
WEINSTEIN KITCHENOFF & ASHER, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Tel.: (215) 545-7200
Fax: (215) 535-6535

*Counsel for Plaintiffs*

Bruno, et al. v. Walmart.com USA LLC, et al. Case No. C 09-00445 PJH

Edward A. Wallace
Kenneth A. Wexler
WEXLER WALLACE, LLP
55 West Monroe Street, Suite 3300
Chicago, IL 60603
Tel: 312.346.2222
Fax: 312.346.0022

Mark J. Tamblyn
Neha Duggal
WEXLER WALLACE, LLP
455 Capitol Mall, Suite 231
Sacramento, CA 95814
Tel.: 916-492-1100
Fax: 916-492-1124

*Counsel for Plaintiff*

Zaker v. Netflix, Inc., et al. Case No. C 09-00447 PJH

Bonny E. Sweeney
David W. Mitchell
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel.: (619) 231-1058
Fax: (619) 231-7423

William C. Wright
THE LAW OFFICES OF WILLIAM C. WRIGHT, P.A.
301 Clematis Street, Suite 3000
West Palm Beach, FL 33401
Tel.: (561) 514-0904
Fax: (561) 514-0905

*Counsel for Plaintiff*

Parikh v. Netflix, Inc., et al. Case No. C 09-00496 PJH

Garrett D. Blanchfield
REINHARDT, WENDORF & BLANCHFIELD
E1250 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101
Tel.: (651) 287-2100
Fax: (651) 287-2103

*Counsel for Plaintiff*

Johnson v. Walmart.com USA LLC, et al. Case No. C 09-00553 PJH

David P. McLafferty
MCLAFFERTY & ASSOCIATES, P.C.
923 Fayette Street
Conshohocken, PA 19428
Tel.: (610) 940-4000
Fax: (610) 940-4007

*Counsel for Plaintiff*

Gannon v. Walmart.com USA LLC, et al. Case No. C 09-00554 PJH

Dianne M. Nast
Joseph F. Roda
Michele S. Burkholder
Daniel N. Gallucci
RODANAST, P.C.
801 Estelle Drive
Lancaster, Pennsylvania 17601
Telephone: (717) 892-3000
Facsimile: (717) 892-1200

*Counsel for Plaintiff*

Williams v. Netflix, Inc., et al. Case No. C 09-00678 PJH

Edward M. Gergosian
Robert J. Gralewski
William D. Harris
GERGOSIAN & GRALEWSKI LLP
655 West Broadway Suite 1410
San Diego CA 92101
Tel 619-237-9500
Fax 619-237-9555 fax

*Counsel for Plaintiff*

Haddad v. Netflix, Inc., et al., Case No. C-09-00958 PJH

Matthew Schultz (220641)
Timothy D. Battin
Thomas M. Palumbo
STRAUS & BOIES, LLP
4041 University Drive, 5th Floor

Fairfax, Virginia 22030
Tel: (703) 764-8700
Fax: (703) 764-8704

*Counsel for Plaintiff*

Wiebe v. Netflix, Inc., et al., Case No. 09-01274 PJH

**California Cartwright Act State Court Plaintiffs**

William Audet
Aaron Darsky
Adel Nadji
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
Tel 415.568.2555
Fax 415.568.2556

*Counsel for Plaintiff*

Norem v. Netflix, Inc., et al. Case No. C-09-00956 PJH

Thomas M. Ferlauto
KING & FERLAUTO, LLP
1880 Century Park East, Suite 820
Los Angeles, CA 90067
Tel 310-552-3366
Fax 310.552.3289

*Counsel for Plaintiff*

Cornett v. Netflix, Inc., et al., Case No. C 09 00960 PJH

Mark E. Burton, Jr.
HERSH & HERSH, P.C.
601 Van Ness Ave., Suite 2080
San Francisco, CA 94102-6388
Tel 415.441.5544
Fax 415.441.7586

*Counsel for Plaintiff*

Macias v. Netflix, Inc., et al., Case No. C-09-00961 PJH

Gilbert D. Sigala

LAW OFFICES OF GILBERT D. SIGALA
1818 W. Beverly Blvd., Suite 206
Montebello, CA 90640
Tel 323-726-2150
Fax 323-726-9183

*Counsel for Plaintiff*

Randle v. Netflix, Inc., et al., Case No. C-09-00962 PJH

**EXHIBIT A**

**PLAINTIFFS' PROPOSED SCHEDULE**

1. A Consolidated Amended Complaint shall be filed no later than 30 calendar days after the appointment of interim lead counsel and the organizational structure of Plaintiffs' counsel.
2. Initial Disclosures shall be exchanged no later than 7 calendar days after the filing of a Consolidated Amended Complaint.
3. The period for fact discovery shall commence upon the exchange of Initial Disclosures.
4. Defendants shall Answer or otherwise respond to the Consolidated Amended Complaint no later than 30 calendar days subsequent to the filing of the Consolidated Amended Complaint.
5. Plaintiffs shall file a Motion for Class Certification and any accompanying expert disclosures no later than 180 calendar days subsequent to the filing of the Consolidated Amended Complaint.
    a. Oppositions: +45 calendar days
    b. Replies: +30 calendar days
6. Parties may be added no later than 30 calendar days prior to the close of Fact Discovery.
7. Fact Discovery shall close 180 calendar days after the filing of the Motion for Class Certification
8. Parties with burden of proof shall make Opening Expert Disclosures under Fed. R. Civ. P. 26(a)(2) no later than 30 calendar days after the close of fact discovery.
    a. Responsive Expert Disclosures: +30 calendar days
    b. Rebuttal Expert Disclosures: +15 calendar days
9. Expert discovery shall close 90 calendar days after the close of Fact Discovery.
10. Opening Summary Judgment motions shall be filed no later than 20 calendar days after the close of Expert Discovery.
    a. Oppositions : +45 calendar days
    b. Replies: +30 calendar days

11. Daubert motions shall be filed no later than 20 calendar days after the close of Expert Discovery.

    a. Oppositions : +21 calendar days
    b. Replies: +12 calendar days

12. A Joint Pretrial Statement shall be filed no later than 30 days prior to the Final Pretrial Conference.

13. The Final Pre-Trial Conference shall be held no later than 120 calendar days after the close of Expert Discovery

14. Trial shall begin within 75 calendar days after the Final Pre-Trial Conference is held.

    a. Trial: 8 calendar days for plaintiffs' affirmative case.
    b. Post-trial motions shall be filed no later than 30 calendar days after verdict has been reached.
        i. Oppositions: +30
        ii. Replies +15

HOWREY LLP

## EXHIBIT B

### <u>DEFENDANTS' PROPOSED SCHEDULE</u>

1. A Consolidated Amended Complaint shall be filed no later than 30 calendar days after the case management conference or the Order of the Judicial Panel on Multidistrict Litigation centralizing this case, whichever is later. At the same time, Plaintiffs' counsel shall move (or submit competing motions) for appointment of class counsel, and for the organization and leadership of the Plaintiffs' counsel.
2. Initial Disclosures shall be exchanged, and the parties shall serve their requests for production of documents relating to class certification issues and to the existence of the alleged *per se* illegal market division agreement, no later than 30 calendar days after the filing of a Consolidated Amended Complaint.
3. The period for discovery relating to (1) the existence of the *per se* illegal market division agreement alleged in the complaints, and (2) class certification, shall commence upon the exchange of Initial Disclosures and continue for 240 calendar days thereafter.
4. Defendants shall Answer or otherwise respond to the Consolidated Amended Complaint no later than 45 calendar days subsequent to the filing of the Consolidated Amended Complaint.
5. Plaintiffs shall make their Rule 26(a)(2) disclosures relating to (1) the existence of the assertedly *per se* illegal market division agreement alleged in the complaints, and (2) class certification within 180 days after the filing of their Consolidated Amended Complaint. Plaintiffs' experts shall be made available for deposition for 30 days after those disclosures. Defendants shall make their Rule 26 disclosures relating to those issues within 45 days after Plaintiffs' disclosures, and shall make their experts available for deposition for 21 days after their disclosures. Plaintiffs' expert rebuttal reports, if any, shall be served within 21 days after Defendants' disclosures, and Plaintiffs shall make their rebuttal witnesses available for deposition for a period of 14 days after serving rebuttal reports.
6. Plaintiffs shall file a Motion for Class Certification no later than 270 calendar days subsequent to the filing of the Consolidated Amended Complaint.

c. Oppositions: +60 calendar days

d. Replies: +30 calendar days

7. Defendants may file an early motion for summary judgment no later than 270 days subsequent to the filing of the Consolidated Amended Complaint.

a. Oppositions: + 60 days

b. Replies: +30 days

8. Additional Fact Discovery to commence upon the latter of the Court's ruling on Plaintiffs' motion for Class Certification or Defendants' early motion for summary judgment

9. Requests for production to be served no later than 30 calendar days after the beginning of the Additional Fact Discovery period.

10. Parties may be added no later than 30 calendar days prior to the close of the Additional Fact Discovery period.

11. Fact Discovery shall close 180 calendar days after the beginning of the Additional Fact Discovery period.

12. Parties with burden of proof shall make Opening Expert Disclosures under Fed. R. Civ. P. 26(a)(2) no later than 30 calendar days after the close of the Additional Fact Discovery.

e. Responsive Expert Disclosures: +45 calendar days

f. Rebuttal Expert Disclosures: +21 calendar days

13. Expert discovery shall close 90 calendar days after the close of Additional Fact Discovery.

14. Opening Summary Judgment and Daubert motions shall be filed no later than 20 calendar days after the close of Expert Discovery.

g. Oppositions: +45 calendar days

h. Replies: +30 calendar days

15. A Final Pre-Trial Conference shall be held no later than 120 calendar days after the latter of the close of Expert Discovery or 30 days after the Court's rulings on motions for summary judgment.

i. Motions in limine and pretrial memoranda: + 30 calendar days

j. Joint Proposed Pretrial Order +30 calendar days

16. Trial shall begin within 75 calendar days after filing the Final Pre-Trial Conference.

k. Trial: 20 seven-hour trial days to verdict.

l. Post-trial motions shall be filed no later than 30 calendar days after verdict has been reached.

i. Oppositions: +30

ii. Replies +15

**EXHIBIT C**

**RELATED CASES PENDING IN OTHER JURISIDICTIONS**

| | CASE TITLE | DATE FILED | CASE NO. | DISTRICT |
|---|---|---|---|---|
| 1. | MaGee v. Netflix, Inc., et al. | 1/16/09 | 2:09-cv-00070 | Western District of Washington |
| 2. | Michalski, et al. v. Netflix, Inc., et al. | 1/23/09 | 0:09-cv-00158 | District of Minnesota |
| 3. | Boynton v. Walmart.com USA LLC, et al. | 1/27/09 | 1:09-cv-00026 | District of New Hampshire |
| 4. | Mayer v. Walmart.com USA LLC, et al. | 1/28/09 | 1:09-cv-00028 | District of Vermont |
| 5. | Christina v. Netflix, Inc., et al. | 2/2/09 | 3:09-cv-00059 | Middle District of Louisiana |
| 6. | Hotard v. Netflix, Inc., et al. | 2/3/09 | 2:09-cv-01938 | Eastern District of Louisiana |
| 7. | Levin v. Walmart.com USA LLC, et al. | 2/5/09 | 1:09-cv-00744 | Northern District of Illinois |
| 8. | Touchton v. Netflix, Inc., et al. | 2/6/09 | 2:09-cv-00241 | Northern District of Alabama |
| 9. | Kopera v. Netflix, Inc., et al. | 2/6/09 | 2:09-cv-00242 | Northern District of Alabama |
| 10. | Walters, et al. v. Netflix, Inc., et al. | 2/9/09 | 2:09-cv-00110 | Southern District of West Virginia |
| 11. | Karatz v. Netflix, Inc., et al. | 2/9/09 | 1:09-cv-00136 | Southern District of Indiana |
| 12. | Bowles v. Netflix, Inc., et al. | 2/12/09 | 8:09-cv-00250 | Middle District of Florida |
| 13. | Shafeek v. Netflix, Inc., et al. | 2/13/09 | 1:09-cv-00617 | Eastern District of New York |
| 14. | Wagner v. Netflix, Inc., et al. | 2/16/09 | 3:09-cv-00360 | Northern District of Ohio |
| 15. | Jones v. Netflix, Inc., et al. | 2/17/09 | 3:09-cv-00131 | Southern District of Illinois |
| 16. | Ortiz-Cardona v. Netflix, Inc., et al. | 2/18/09 | 3:09-cv-01157 | District of Puerto Rico |
| 18. | Cleary v. Walmart.com USA LLC, et al. | 3/5/09 | 1:09-cv-1383 | Northern District of Illinois (Chicago) |
| 19. | Spears v. Netflix, Inc., et al. | 3/3/09 | 0909-ca-05399 | Florida State (Hillsborough Circuit Court). |

# PROOF OF SERVICE

I HEREBY CERTIFY that on April 2, 2009, I caused a true and correct copy of the foregoing to be filed with the Clerk of Court using the Court's CM/ECF system, which will send a notice of electronic filing to the parties.

/s/ Peter A. Barile III
Peter A. Barile III (*pro hac vice*)

HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 783-0800
Fax: (202) 383-6610
*Counsel for Plaintiffs*

Resnick, et al. v. Walmart.com USA LLC, et al., Case No. 3:09-cv-00002

- *and in the following related cases* -

O'Connor v. Walmart.com USA LLC, et al., Case No. 3:09-cv-00096
Anthony, et al. v. Walmart.com USA LLC, et al., Case No. 3:09-cv-00236
Sheeler, Jr. v. Walmart.com USA LLC, et al., Case No. 3:09-cv-00274
Meyer v. Walmart.com USA LLC, et al., Case No. 3:09-cv-00361
Johnson v. Walmart.com USA LLC, et al., Case No. 3:09-cv-00553
Gannon v. Walmart.com USA LLC, et al., Case No. 3:09-cv-00554

*-and attests in accordance with General Order No. 45 X. B. that concurrence in the filing of the document has been obtained from counsel in all of the above-captioned actions*